The Honorable Shane Broadway State Senator 201 Southeast Second Street Bryant, AR 72022
Dear Senator Broadway:
I am writing in response to your request for an expedited opinion on a question arising from the following reported facts:
 The Saline County Airport Commission ("Commission") was duly created pursuant to Arkansas Code Annotated 14-357-101 et seq. The Commission is currently constructing a new Saline County Airport to service the cities of Benton and Bryant as well as the remaining incorporated and unincorporated areas of Saline County. In conjunction with that construction, the Commission is negotiating with the City of Bryant regarding a pre-annexation agreement for the purchase of water and sewer services. In the course of those negotiations, a question has arisen regarding the promulgation, administration and enforcement of airport zoning regulations affecting the airport property.
Against this backdrop, you have posed the following question:
 If the newly constructed Saline County Airport, which will serve the Cities of Bryant and Benton as well as the remaining incorporated and unincorporated areas of Saline County, is annexed by the City of Bryant, does the exception set forth in A.C.A. § 14-363-204(a)(2) take the authority for promulgation, administration and enforcement of airport zoning regulations from the City of Bryant and vest that authority in the Saline County Airport Commission?
RESPONSE
In my opinion, the answer to this question is "yes."
Subsection 14-363-204(a) of the Code (1987) provides:
 (1) In order to protect airport approaches against obstruction, to protect the life and property of users of airports of the public utility class and of occupiers of land in their vicinity, to encourage and foster the use of airports, to safeguard the public investment therein, and to promote the public health, safety, and general welfare, all cities, of whatever class, are given the power to promulgate, administer, and enforce, in the manner and upon the conditions prescribed in this section, zoning regulations with respect to any airports of the public utility class by which they may be served, whether owned by them or not, dividing the area surrounding such airports into zones and limiting the height of all existing and future structures and objects of natural growth therein.
 (2) Where an airport serves more than one (1) city, this power shall be vested in the commission vested with control and administration of the airport as provided by the statutes of the State of Arkansas and ordinances adopted pursuant to them.
(Emphases added.) Notwithstanding the highlighted provisions in subsection (a)(1) above, which vests zoning authority relating to airports in the city served by the airport, the highlighted provisions in subsection (b) unequivocally declare that if an airport serves more than one city,[1] as will the Saline County Airport, any commission "vested with control and administration of the airport" will also be "vested" with the "power" that would otherwise be vested in the single city served by the airport — namely, "the power to promulgate, administer, and enforce . . . zoning regulations with respect to any airports of the public utility class"[2] serving the cities. Pursuant to A.C.A. §14-357-105, a county airport commission is vested with "unlimited authority to operate, manage, maintain, improve, and extend the county-owned airport and to have full and complete charge of it." Accordingly, I believe the Saline County Airport Commission, not the City of Bryant, will clearly be charged with zoning authority with respect to the Saline County Airport.
Implicit in both your factual recitation and your question is an apparent concern that the impending annexation of the Saline County Airport by the City of Bryant may bear on the question of whether the City or the Commission will have zoning authority with respect to the Saline County Airport. I do not believe this concern is warranted. Nothing in the Airport Zoning Enabling Act suggests that an airport's location within or outside city limits is of any significance in determining which entity will be vested with zoning authority. The statute recited above is perfectly unambiguous in stating the applicable rule: if an airport "serves" only one city, that city will be vested with zoning authority; if it "serves" more than one city, the airport commission will be vested with zoning authority. Accordingly, if, as you suggest, the Saline County Airport will serve both Bryant and Benton, the Saline County Airport Commission will exercise zoning authority.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] The legislature enacted the Airport Zoning Enabling Act as Act 116 of 1941. Subsection 1(2) of this legislation defines the term "served" as follows:
 A city is "served" by an airport if such airport is used for private flying or otherwise as a point of arrival or departure by air by persons residing or having their place of business in such city.
Under this definition, there appears to be no question that the Saline County Airport will "serve" more than one city.
[2] Subsection 1(3) of Act 116 of 1941 defines the term "airport of the `public utility class'" as follows:
 An airport is of the "public utility class" if it is available to the general public for private flying or otherwise as a point of arrival or departure by air.
This definition will clearly apply to the Saline County Airport under the facts you have presented.